# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-805V

* * * * * * * * * * * * * * * * * * * * * * * *
* * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| RICHARD CASS, | Filed: July 23, 2015 |
| Petitioner, | |
| v. | Decision by Stipulation; Damages; Influenza ("Flu") Vaccine; Brachial Plexopathy |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Patricia A. Finn*, Patricia Finn, P.C., Piermont, NY, for Petitioner.

*Camille M. Collett*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES AND ATTORNEY'S FEES AND COSTS[1]

On September 2, 2014, Richard Cass filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed a right brachial plexopathy as a result of his September 19, 2012, receipt of the influenza ("flu") vaccine, and that a second flu vaccine administered on September 25, 2013, exacerbated his condition. Petitioner further alleges that he experienced the residual effects of this injury for more than six months.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

Respondent denies that the flu vaccine caused or significantly aggravated Petitioner's brachial plexopathy or any other injury or condition. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed June 25, 2015) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

In a separate stipulation filed that same day, the parties indicated that they had reached an agreement regarding attorney's fees and costs. The stipulation laid out the amount of compensation that should be awarded to Petitioner's attorney in the form of a check made payable jointly to Petitioner and Petitioner's counsel. This included reimbursement for attorney's fees in the amount of $15,500.00. In addition, pursuant to General Order No. 9, the stipulation also indicated that Petitioner had expended $531.51 in costs in proceeding on the petition for which he claims reimbursement. Thus, the total amount of fees and costs requested is $16,031.51, to which Respondent does not object.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulations are reasonable. I therefore adopt them as my decision in awarding damages, and attorney's fees and costs, on the terms set forth therein.

The stipulations award:

- A lump sum of $205,000.00 in the form of a check payable to Petitioner. The amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Damages Stipulation (ECF No. 22) ¶ 8; and

- A lump sum of $15,500.00 in the form of a check payable jointly to Petitioner and Petitioner's counsel, Patricia Finn, Esq. for attorney's fees, as well as an additional lump sum of $531.51 in the form of a check payable solely to Petitioner for costs. These sums represent the attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). Stipulation of Facts Concerning Attorneys' Fees and Costs (ECF No. 23) ¶¶ 3-5.

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner and/or his counsel. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

RICHARD CASS,

          Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

No. 14-805V
Special Master Brian Corcoran
ECF

### STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a flu vaccination on September 19, 2012, and another flu vaccination on September 25, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine administered on September 19, 2012, caused him to develop a right brachial plexopathy, and that the second flu vaccine administered on September 25, 2013, exacerbated his right brachial plexopathy. Petitioner alleges that he experienced the residual effects of this condition for more than six months.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of his condition.

6. Respondent denies that the flu immunizations caused or significantly aggravated petitioner's brachial plexopathy or any other injury or condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

A lump sum of $205,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

2

11.  Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.  The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.  In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on or about on or about September 19, 2012, and the flu vaccine administered on or about September 25, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about September 2, 2014, and amended on or about September 19, 2014, in the United States Court of Federal Claims as petition No. 14-805V.

3

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu immunizations caused or significantly aggravated petitioner's brachial plexopathy or any other injury or condition.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/

4

Respectfully submitted,

**PETITIONER:**

RICHARD CASS

**ATTORNEY OF RECORD FOR
PETITIONER:**

PATRICIA FINN
Attorney, P.C.
450 Piermont Avenue
Piermont, NY 10968

**AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury Compensation
Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

CAMILLE M. COLLETT
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4098

DATE: 6/25/2015

5